■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY et al., Respondents, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant, et al., Defendants. [975 NYS2d 17]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 12, 2012, which, to the extent appealed from as limited by the briefs, upon reargument of defendant Tower Insurance Company's motion for summary judgment declaring that it had no duty to defend and indemnify plaintiff 100-120 Hugh Grant Circle Realty, LLC (HGC) in the underlying personal injury action, adhered to the original determination denying the motion, unanimously affirmed, with costs.

Tower's obligation, if any, to reimburse plaintiff Public Service Mutual Insurance Company for fees incurred in defending HGC in the underlying action is not affected by the timeliness of its disclaimer of coverage, since Insurance Law § 3420 (d) does not apply to requests for defense and indemnification between insurers (*see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84, 92-93 [1st Dept 2005]). However, the record does not demonstrate conclusively that Tower received late notice of the claim and may disclaim coverage on that ground. In an affidavit by its senior liability examiner,

Public Service explained that so much confusion was created by the conflicting pleadings, bill of particulars, and deposition testimony in the underlying action that it required six weeks of investigation to determine the facts of the accident and HGC's liability. An issue of fact exists whether Public Service's 48-day delay before issuing its demand to Tower was reasonable under the circumstances (*see Hartford Acc. & Indem. Co. v CNA Ins. Cos.*, 99 AD2d 310, 313 [1st Dept 1984]). Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.